IN RE ESTATE OF LIZZIE FRELING.
CHARLES C. HAYNES, ADMINISTRATOR, APPELLANT, V.
ROY W. MATSON, EXECUTOR, APPELLEE.

FILED JANUARY 8, 1932. No. 28135.

*B. N. Robertson*, for appellant.

*Crofoot, Fraser, Connolly & Stryker* and *William A. Ehlers*, contra.

Heard before ROSE, GOOD and DAY, JJ., and FROST and MESSMORE, District Judges.

PER CURIAM.

This is an appeal from a judgment approving the final supplemental report of an executor and the order discharging him and exonerating his bond. This case has heretofore been before this court (*In re Estate of Freling*, 119 Neb. 605) to which reference is made herein. The former appeal was from the approval of the final report of the executor by the county court. The report was that the estate was without funds to pay claims. It appears that the only asset of the estate now involved is an interest in the estate of decedent's deceased husband, no part of which, reported the executor, came into his possession. The district court found that there was property of the estate of the husband of the reasonable value of $1,012.28. The trial court found that no prudent attempt had been made by this executor to collect this asset from the other estate, and that the executor was chargeable with the value thereof, $1,012.28, less any lawful deductions on account of claims and expenses of administration in that estate. This order is not ambiguous and its import is apparent. The court found that the executor had been negligent in securing collection of assets, found the value of such assets and charged him therewith as executor. This executor could only be chargeable with the amount coming from the other estate, so the court added the provision that the charge should be the value of the property, less proper charges against it in that estate. In fine, the money would come to this estate, less all proper charges against it in the other estate. This was the only judgment which could be entered because the administration of the husband's estate was still pending at the time. This judgment was affirmed by this court and the mandate issued. Pursuant to the terms

of the mandate, the executor filed this supplemental report, charging himself with the $1,012.28, as provided, and setting out as deductions the claims filed in the other estate, together with the costs of administration therein. The county court had entered a decree finding that there were no funds in the hands of the administrator of the husband's estate and that claims and cost of administration were largely in excess of $1,012.28. It found upon a hearing upon this report that the claims and costs of administration exceeded the sum of $1,012.28 in the husband's estate. The county court thereupon approved the supplemental final report, which was also approved by the district court upon appeal. This is in accord with the mandate issued upon the former appeal. This charge was made against the executor on account of his neglect of duty. It is sophistry to say that, because these claims against the other estate were not paid, they cannot, under our former decision, be deducted. Obviously, if this inexperienced executor had been diligent and secured the collection of this money by the administrator of the husband's estate, these valid claims against that estate would have consumed it, so that not one dollar of it would have reached this executor. Therefore, it is meet, just and proper that the charge against him for negligence should be limited, as provided by the trial court in the former appeal and affirmed by this court, to the amount that diligence on his part would have collected for this estate. The judgment of the trial court and the county court approving this supplemental final report, discharging the executor, and exonerating his bond, is altogether a righteous judgment.

AFFIRMED.